# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-615 consolidated with 15-613 & 15-614

**STATE OF LOUISIANA**

**VERSUS**

**DEBBIE E. ADAMS AKA - DEBBIE ADAMS**

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NOS. 12-2405, 12-2404 & 12-2406
HONORABLE LEO BOOTHE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*
## SYLVIA R. COOKS
## JUDGE
\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Thibodeaux, Chief Judge, dissents in part and assigns written reasons.**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**Telephone: (337) 436-2900**
**COUNSEL FOR:**
     **Defendant/Appellant - Debbie E. Adams aka Debbie Adams**

**Bradley R. Burget**
**District Attorney – 7th Judicial District**
**4001 Carter Street - Suite 9**
**Vidalia, LA 71373**
**Telephone: (318) 336-5526**
**COUNSEL FOR:**
     **Plaintiff/Appellee - State of Louisiana**

**COOKS, Judge.**

For the reasons discussed in the consolidated case of *State of Louisiana v. Debbie E. Adams*, 15-613 (La.App. 3 Cir. __/__/__), ___So.3d ___, the conviction and sentence of Debbie E. Adams for the first degree murder of John "Bozo" Ellard, Jr., is affirmed.

**AFFIRMED.**

STATE OF LOUISIANA

VERSUS

DEBBIE E. ADAMS AKA DEBBIE ADAMS

THIBODEAUX, Chief Judge, dissenting in part.

I agree that Adams is guilty as a principal to the murder of Annie Bell. I disagree, however, that the evidence is sufficient to convict Adams beyond a reasonable doubt for the murder of Bozo and Eileen.

No physical evidence or testimony, other than Ponthieux's third statement and the testimony of Tammy Lemon, an inmate who shared a cell with Adams at the Louisiana Correctional Institute for Women, placed Adams at the scene of Bozo's murder. Further, while forensic testing of the gun could not exclude Adams, it revealed a mixture of DNA from at least three individuals. Additionally, because Ponthieux gave his third statement two years later and completely contradicted his first two statements, and because Lemon's statement was wholly unsupported by evidence, I do not find them to be factually or legally sufficient to support a finding of beyond a reasonable doubt. Thus, no reasonable factfinder could find Adams guilty of the first degree murder of Bozo.

Similar to Bozo's murder, there was little evidence presented at trial to implicate Adams in Eileen's murder, either directly or as a principal.

Again, it was not until Ponthieux's third statement, given two years after his initial statements, that he placed Adams at the scene of Eileen's murder. Before that time, Ponthieux consistently maintained Adams fled from the house after

Annie Bell's murder. Although Tammy Lemon's testimony suggested Adams may have witnessed Eileen's murder, not only were her statements largely unsupported, as previously stated, but they failed to prove her involvement.

Further, no physical evidence was presented to support Adams's presence at the scene. While forensic evidence could not conclusively rule out Adams as Eileen's killer, it revealed a contact DNA mixture from at least three individuals on the handle of the knife used to kill her. More significantly, no blood was found on Adams's clothing to suggest she killed Eileen, as described in Ponthieux's third statement. Had Adams killed Eileen in the manner described by Dr. Eserman, an expert in forensic pathology, contact with her blood would have been unavoidable.

Additionally, although Chief Edwards believed Adams moved Eileen's body due to the pool of blood found on the steps of the shed instead of where Eileen's body was found, this theory was unsupported by evidence. In fact, Dr. Eserman determined Eileen died within one minute of suffering her fatal wounds, indicating Eileen could have moved towards Bozo on her own.

Thus, in light of the aforementioned evidence, no reasonable factfinder could find Adams guilty of the first degree murder of Eileen.

For the foregoing reasons, I respectfully dissent in part.

2